IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **AMANDA IHLENFIELD** | § § § | |
| *Plaintiff*, | § § | **CIVIL ACTION NO.: 4:20-cv-001994** |
| v. | § § § § § | **JURY DEMANDED** |
| **SHELL OIL COMPANY, and G4S SECURE SOLUTIONS** | § § § § | |
| *Defendants*. | | |

### PLAINTIFF'S RESPONSE TO DEFENDANT SHELL OIL COMPANY'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

Plaintiff AMANDA IHLENFIELD ("Plaintiff"), files this Response to Defendant Shell Oil Company's ("Shell" or "Defendant") 12(b)(6) Motion to Dismiss ("Motion"). Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss and in support would show the Court as follows:

### I.  INTRODUCTION

As shown below, Plaintiff has sufficiently pled facts in support of her claims. In its motion, Defendant wants Plaintiff to divulge all of its evidence and present her entire case in the complaint – which is not the pleading standard required. Plaintiff has specifically pled facts to reflect a plausible claim against Defendant and has provided Defendant with fair notice of the claims against them.

### II.  NATURE AND STAGE OF PROCEEDING

1

Plaintiff filed suit against Defendants Shell Oil Company and G4S Secure Solutions ("G4S"), (collectively "Defendants") in the 270th Judicial District of Harris County, Texas on May 13, 2020 alleging sex/gender discrimination and harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended and Chapter 21 of the Texas Labor Code.  On June 5, 2020, Defendant G4S filed its Notice of Removal[1], which Shell consented to on June 12, 2020[2]. On the same day, Shell filed its Motion to Dismiss pursuant to Fed. R. Civ. P 12(b)(6) for failure to state a claim upon which relief can be granted[3].

### III.    ARGUMENT AND AUTHORITIES

**1.    FRCP 12(b)(6) Standard of Review**

As a preliminary matter, Rule 12(b)(6) motions to dismiss are disfavored and rarely granted.  *Sosa v. Coleman,* 646 F.2d 991, 993 (5th Cir. 1981).  Rule 12(b)(6) must be read in conjunction with Rule 8(a) which requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8; *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009).   Rule 8's pleading standard does not require "detailed factual allegations" but rather requires more than simply alleging legal conclusions. *Twombly,* 550 U.S. at 555. The defendant bears the burden of showing that no claim has been presented. Fed. R. Civ. P. 12(b)(6).

In evaluating a Rule 12(b)(6) motion to dismiss, the complaint must be liberally construed in favor of the plaintiff, all reasonable inferences are to be drawn in favor of the plaintiff, and all factual allegations pleaded in the complaint must be taken as true.  *Campbell v. Wells Fargo Bank,* 781 F.2d 440, 442 (5th Cir. 1986). Further, the court must limit its inquiry to the facts stated in the

---

[1] Dkt. No. 1
[2] Dkt. No. 8
[3] Dkt. No. 7

2

company and the documents either attached to or incorporated in the complaint. *Lovelace v. Software Spectrum Inc.,* 78 F.3d 1015, 1017 (5th Cir. 1996).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must have plead enough facts to state a claim to relief that is plausible on its face. *Twombly,* 550 U.S. at 570 (2007). A claim has plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (2009). In determining the plausibility, the evaluation is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The plaintiff's factual allegations must be enough to raise a right to relief above the speculative level. *Twombly,* 550 U.S. at 555.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove *no* set of facts in support of his claim which would entitle him to relief. *Ramming v. U.S.,* 281 F.3d 158, 161 (5th Cir. 2001) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)) (emphasis added). Such a motion challenges the plaintiff's right to any relief based on the facts alleged in the complaint. *Crowe v. Henry,* 43 F.3d 198, 203 (5th Cir. 1995). The issue is not whether a plaintiff will prevail, but whether the claimant is entitled to offer evidence to support the claims. *Swierkiewicz v. Sorema,* 534 U.S. 506, 511 (2002). Thus, the motion must be denied unless it appears to a certainty that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984). Such is not the case here.

2. **Defendant's 12(b)(6) Motion Should Be Denied Because Plaintiff has Sufficiently Pled to Reflect a Plausible Claim That Shell was Her Employer**

Plaintiff's pleading that Shell is her employer is a plausible claim supported by sufficient facts. Through its Motion, Shell is asking that Plaintiff provide not only detailed factual allegations

but also essentially divulge all of its evidence and present its entire case in her Petition. Such "detailed factual allegations" is not required of Plaintiff and she has provided sufficient factual allegations to give Defendant fair notice of what her claim is and the grounds upon which it rests. Fed. R. Civ. P. 8(a); *Twombly* 550 U.S. at 555.

In her Complaint, Plaintiff specifically states that the male individual she had a relationship with, James Mendler, - the relationship which led to the discrimination and retaliation resulting in this lawsuit – was in fact, a Shell supervisor.[4] Further, Plaintiff states that it was Mendler who registered both of their names in the Shell Directory because he "had to register everything related to his dating activity."[5] Shell was made aware of the relationship through the Shell Directory and when Mendler informed his boss of the relationship.[6] Plaintiff also specifically states and details that it was an incident involving Mr. Mendler at an off-site event which resulted in her termination from employment with Defendants Shell and G4S merely two days later.[7] There were no other intervening events or disciplinary issues which would have led to her termination. These facts also reflect a plausible claim that Shell was her employer due to their role in the unlawful discrimination and retaliation against Plaintiff.

Plaintiff has presented sufficient facts, and raised a right to relief above a speculative level (which future discovery would later reveal) that she was discriminated against because of her sex and gender and was retaliated against as a result of her complaints of disparate treatment and discrimination.

---

[4] Plaintiff's Original Petition is Exhibit A of G4S's Notice of Removal, Dkt. No. 1. Plaintiff's Original Petition ¶14 "…Mr. Mendler and Plaintiff had intercourse for the first time." And ¶ 15 "…Shell Supervisor, Mr. James Mendler."
[5] *Id.* at ¶ 13.
[6] *Id.* "Mr. Mendler informed Plaintiff that his boss, Ken Nixon, said that Plaintiff and Ms. Mendler could not date.
[7] *Id.* at ¶ 15. " [on Friday, February 8, 2019] …Plaintiff went to a cookoff style event where she happened to befriend a young lady who turned out to be the longtime live-in girlfriend of Shell supervisor, Mr. James Mendler. Plaintiff sent a picture of Mr. Mendler's girlfriend and herself to Ms. Mendler… That Sunday, February 10, 2019… Plaintiff was informed that she had been terminated from employment with Shell."

As such Defendant's Motion should be denied in its entirety, because Plaintiff has clearly provided facts that support her allegations and the relief requested. *See Barrientos v. Reliance Standard Life Ins. Co.,* 911 F.2d 1115, 1116 (5th Cir. 1990) (holding that where sufficient facts have been plead attempts at dismissal should be denied.)

**3.     Defendant's 12(b)(6) Motion Should be Denied Because Plaintiff has Sufficiently Pled to Reflect Plausible Claim that Defendants are Joint Employers**

Plaintiff's pleading that Shell and G4S are joint employers is a plausible claim based on the facts provided. Plaintiff has plead sufficiently to put Defendant on fair notice of her claims and the grounds for such claims. The unlawful discrimination and retaliation Plaintiff experienced from both Shell and G4S employees/supervisors is the basis of Plaintiff's lawsuit. The disparate treatment and retaliation was the result of the relationship Plaintiff had with Shell's supervisor. As Plaintiff specifically states in her Petition, both Defendants were aware of the relationship as supervisors for both James Mendler and Plaintiff were notified.[8]

Further, Plaintiff has specifically pled the theory of cat's paw liability[9] - seeking to hold Defendant liable for the animus of its supervisor who was not charged with making the ultimate employment decision. *See Staub v. Proctor Hosp.,* 562 U.S. 411, 415, 131 S.Ct. 1186, 1190 (2011). Plaintiff specifically states that her termination came merely two days after a private incident involving Shell's employee Mendler which occurred off-site and after work hours - an incident that G4S would not have known about unless Shell had notified them. Even if G4S committed the act of terminating Plaintiff, it can be inferred from the facts provided that they did not act alone. These facts reflect a plausible claim that Defendants worked in conjunction (specifically, Shell

---

[8] *Id.* at ¶ 13. "Plaintiff then reluctantly found it appropriate to inform her manager, Gary Scheibe, that Plaintiff went on a date with Mr. Mendler…Mr. Mendler informed Plaintiff that his boss, Ken Nixon, said that Plaintiff and Mr. Mendler could not date.
[9] *Id.* at ¶ 26.

directing G4S) to unlawfully discriminate and retaliate against Plaintiff, making cat's paw liability relevant. Given this factual content, there is enough facts to reflect a plausible claim as required by Rule 8 and Defendant's Motion should be denied.

**4.    Alternatively, Plaintiff Seeks Leave to Amend**

In the alternative, and should the Court find it necessary, Plaintiff seeks the opportunity to amend her complaint and seeks leave to do such as permitted by Fed. R. Civ. P. 15. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case"). Repleading and allowing Plaintiff to amend her complaint would *not* be futile.

Rule 15(a) evinces a bias in favor of granting leave to amend. *See Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016) (quoting *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566 (5th Cir. 2002). Leave to amend shall be freely given when justice so requires. F.R.C.P. 15(a). *See also United States ex re. Adrian v. Regents of the Univ. of Cal.,* 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification … is considered an abuse of discretion.") Plaintiff seeks leave to replead and amend her complaint should the Court find doing so is necessary.

## IV.    CONCLUSION

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully requests that this Court deny Defendant Shell Oil Company's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) in its entirety. Plaintiff further prays that she be awarded all such other and further relief to which she is entitled.

Respectfully Submitted,

The Carmona Firm PLLC

*s/ Chris Carmona*
Chris Carmona, Attorney for Plaintiff
Fed. Bar No. 1126802
Texas Bar No. 24072022
Email: Chris@carmonalawoffice.com
P.O. Box 7137
Houston, Texas 77248
Phone: (832) 827-4529
Facsimile: (832) 460-2724

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of July, 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and served on all attorney(s) and/or parties of record via the CM/ECF service.

*/s/ Chris Carmona*
Chris Carmona